UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| RAWLINGS SPORTING GOODS CO., INC., | ) ) ) | |
| Plaintiff/Counterclaim Defendant, | ) ) ) ) | |
| vs. | ) ) | No. 4:05-CV-1411 (CEJ) |
| QUANTUM NUTRITIONALS, LLC, | ) ) | |
| Defendant/Counterclaim Plaintiff/Third-Party Plaintiff, | ) ) ) ) ) | |
| vs. | ) ) | |
| EQUITY MANAGEMENT, INC., | ) ) | |
| Third-Party Defendant. | ) ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on the joint motion of plaintiff Rawlings Sporting Goods Company, Inc. (Rawlings) and third-party defendant Equity Management, Inc. (Equity) for protective order. Defendant Quantum Nutritionals, LLC (Quantum) has filed a cross-motion to compel responses to its second requests for production of documents. The issues are fully briefed.

On September 29, 2006, Quantum filed a motion to compel responses to its first requests for production, to which Rawlings had served objections on August 7, 2006. The Court denied Quantum's motion as untimely under a provision of the Case Management Order that requires the parties to file discovery motions within fifteen days of "the event (e.g., failure to answer interrogatories, objections to requests for production, etc.) that

is the subject of the motion." The Court also denied Quantum's motion to reconsider. On October 23, 2006, Quantum served its second requests for production, prompting Rawlings and Quantum to seek a protective order.

Rawlings and Equity oppose Quantum's discovery requests primarily on procedural grounds. They argue that Quantum's second requests for production are essentially a restatement of the first requests for production and, as such, are "nothing more than an attempt to circumvent the Court's prior rulings." The Court disagrees. The Court has not ruled on the substance of Quantum's discovery requests. There is no provision in the Case Management Order or the Federal Rules of Civil Procedure that limits the number of requests a party may serve. As for the assertion that the second requests are untimely, discovery does not close until February 9, 2007; the second requests were served far enough in advance of that date to permit Rawlings and Equity thirty days to serve a response, as contemplated by Rule 34(b). The joint motion for protective order will be denied.

Quantum seeks production of the Representation Agreement between Rawlings and Equity pursuant to which Equity sought out potential licensees for Rawlings. Rawlings and Equity object that the Representation Agreement is not relevant to the parties' dispute. Quantum alleges that Equity made materially false representations to Quantum in order to induce it to enter into a licensing agreement with Rawlings, which Rawlings subsequently breached. The Court believes that Quantum is entitled to determine the scope of the relationship between Equity and Rawlings.

Rawlings and Equity assert that the agreement should only be produced under an "Attorney's Eyes Only" designation. The stipulated protective order in this matter permits the producing party to make this designation upon "a good faith belief" that the "content of the protected material constitutes a trade secret or other confidential research, development or commercial information, as such terms are used in Fed.R.Civ.P. 26(C)(8) [sic], and the disclosure, or further disclosure, of which would result in a clearly defined and serious injury." (Protective Order, § 3 [Doc. # 30]). The protective order also specifies the means by which the receiving party may challenge the designation. The Court declines to decide what designation applies to Representation Agreement, believing that the parties should use the procedures outlined in the protective order to make this decision.

Quantum also seeks production of communications between Rawlings and Equity regarding several topics, including (1) the 2003 amendment to the licensing agreement, (2) the 2005 termination of the licensing agreement, and (3) the March 2003 marketing presentation Equity made to Quantum. Robin Stemen, in-house counsel for Equity, authored or received the disputed communications. Rawlings and Equity argue, in a summary fashion, that the communications are thus privileged.[1] Quantum counters

---

[1] The privilege argument, found in a footnote in the reply brief, states in its entirety that "the e-mail communications between counsel for [Equity] and Rawlings, as well as between counsel for Rawlings and [Equity], is privileged, because at all times relevant to this dispute, [Equity] was acting as the representative licensing agent for Rawlings."

that any privilege was waived when Equity included Rawlings in the communications.

As the parties asserting the privilege, Rawlings and Equity bear the burden of establishing the existence and applicability of the privilege. 8 Charles Alan Wright et al., <u>Federal Practice and Procedure</u> § 2016.1 (2d ed. 1994). "The party asserting the privilege meets its burden of providing a factual basis . . . when it produces a detailed privilege log stating the basis of the claimed privilege for each document in question, together with an accompanying explanatory affidavit of its counsel." <u>St. Paul Reinsurance Co., Ltd. v. Commercial Financial Corp.</u>, 197 F.R.D. 620, 627-28 (N.D. Iowa 2000), <u>citing</u> <u>Rabushka v. Crane Co.</u>, 122 F.3d 559, 565 (8th Cir. 1997). In this case, Rawlings and Equity have provided privilege logs and an unsupported assertion that Equity serves as Rawlings agent. In the absence of additional information, the Court cannot state that the privilege applies and has not been waived. A finding of waiver is not to be made lightly and, so, the Court will direct Quantum and Equity to file a memorandum addressing the issue, supported by appropriate affidavits.

Accordingly,

**IT IS HEREBY ORDERED** that the motion of Rawlings Sporting Goods Company, Inc., and Equity Management, Inc. for a protective order [#46] is **denied**.

**IT IS FURTHER ORDERED** that the cross motion of Quantum Nutritionals, LLC, to compel production [#49] is **granted in part.**

**IT IS FURTHER ORDERED** that Rawlings and Equity shall, not later than **December 22, 2006**, produce the Representation Agreement.

**IT IS FURTHER ORDERED** that Rawlings and Equity shall, not later than **December 29, 2006**, file a memorandum addressing the issue of attorney-client privilege and waiver, supported by appropriate affidavits, as it applies to the documents responsive to Quantum's second requests for production. Quantum's response memorandum, if any, shall be filed not later than **January 8, 2007**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 18th day of December, 2006.